

**FOLEY & LARDNER LLP**

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

January 16, 2026

APPLICATION GRANTED
SO ORDERED *[signature]*
VERNON S. BRODERICK
U.S.D.J.    1/20/2026

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re:    *Master MobileLink, LLC, v. ADP, Inc.*, Case No. 1:25-CV- 05382

Dear Judge Broderick:

On behalf of Defendant ADP, Inc. ("ADP"), we write pursuant to Rule 5.B. of Your Honor's Individual Practices to respectfully request that the Court allow the sealing of three documents—the Global Master Service Agreement ("MSA") dated October 11, 2016, and the First and Second amendments thereto (altogether, the "Agreement")—which we have filed in connection with ADP's partial motion to dismiss.   The MSA, First Amendment, and Second Amendment, each with the proposed redactions, are attached hereto as **Exhibit A-C**, respectively, and the corresponding unredacted versions with the proposed redactions highlighted are attached hereto as **Exhibits D-F**, respectively. The parties conferred regarding this sealing application on January 15, 2026 and Plaintiff does not object to the relief sought.

To determine whether sealing is appropriate, the Court must consider: (1) whether the documents at issue are "judicial documents"; (2) if so, the weight of the presumption of public access attaching to any such document; and (3) if any countervailing factors outweigh the right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Judicial documents thus may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.  A district court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket.  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

There is good cause to permit the requested redactions.  The Agreement contains confidential pricing and fee structures for the services that ADP provides—and it is this information that ADP moves to redact. The proposed redactions are narrowly tailored and reasonably necessary to keep confidential this competitively-sensitive financial and business information, which, if publicly disclosed, could result in competitive harm to ADP, including by advantaging potential counterparties to future transaction with negotiated terms from a prior transaction. Courts in the Second Circuit routinely permit such information to be filed under seal. *See Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219 (E.D.N.Y. May 7, 2021); *Brunckhorst v. Bischoff*, 2024 WL 4276201, at *3-4 (S.D.N.Y. Sept. 24, 2024) (granting request to seal or redact sensitive business information that

AUSTIN  |  BOSTON  |  BRUSSELS  |  CHICAGO  |  DALLAS  |  DENVER  |  DETROIT  |  HOUSTON  |  JACKSONVILLE  |  LOS ANGELES
MADISON  |  MEXICO CITY  |  MIAMI  |  MILWAUKEE  |  NASHVILLE  |  NEW YORK  |  ORLANDO  |  RALEIGH  |  SACRAMENTO  |  SALT LAKE CITY
SAN DIEGO  |  SAN FRANCISCO  |  SILICON VALLEY  |  TALLAHASSEE  |  TAMPA  |  TOKYO  |  WASHINGTON, D.C.



**FOLEY & LARDNER LLP**

January 16, 2026
Page 2

includes pricing figures, stating that "courts routinely find that business secrecy interests outweigh the presumption of public access" because "[i]f publicly revealed, sensitive business information could undercut a business's competitive advantage.") (citing *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'")).

Accordingly, we respectfully request that the court grant this sealing application. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/Sara P. Madavo*

Sara P. Madavo